IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CLASSIC SLEEP PRODUCTS, INC. | ) | Case No. 09- |
| | ) | Chapter 11 |
| Debtor | ) | |

**MOTION FOR ORDER ESTABLISHING BIDDING
PROCEDURES IN CONNECTION WITH THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS**

Classic Sleep Products, Inc., debtor and debtor-in-possession herein (the "Debtor"), by and through its undersigned counsel, hereby moves this Court for entry of an order establishing bidding procedures in connection with the sale of substantially all of the Debtor's assets (the "Motion"). In further support of this Motion, the Debtor alleges:

**Background**

1. On January 4, 2010, the Debtor filed a voluntary petition for relief in this Court under Chapter 11 of the Bankruptcy Code. The Debtor intends to continue in possession of its property and the management of its business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code, pending a sale of the assets.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are § 105 and § 363 of the Bankruptcy Code.

**The Debtor and its Business Operations**

3. The Debtor operates a mattress manufacturing facility and designs, manufactures, markets and sells high end mattresses and other bedding products.

4. As of the Debtor's last payroll, the Debtor employed approximately 71 employees.

5. Pursuant to an Asset Purchase Agreement (the "Agreement"), Classic Brands, LLC (the "Purchaser") has agreed to purchase substantially all of the Debtor's assets, subject to higher and better offers.

6. Contemporaneously with the filing of this Motion, the Debtor has filed a Motion for Order authorizing the sale of substantially all of its assets (the "Asset Sale'), subject to higher and better offers.

## Relief Requested

7. This Motion seeks the entry of an order (the "Bid Order") approving the Bidding and Auction Procedures for the Asset Sale. The Bidding and Auction Procedures are in the best interests of the Debtor's estate and creditors because such procedures will ensure the Debtor receives the maximum possible value for the Asset Sale.

8. Under the Agreement, the Purchaser shall purchase substantially all of the Debtor's assets for the amount of the outstanding indebtedness owed by the Debtor to CIT, approximately $5,000,000.00 (the "Purchase Price"), in addition to retaining some or all of the Debtor's employees, and the Debtor shall retain all avoidance actions and any refunds to which the Debtor is entitled from any credit card processing companies (the Debtor estimates the refund to be $100,000).

9. The Purchaser's offer is explicitly subject to approval of the Court and to any higher and/or better offer(s) that may be made in accordance with the Bidding and Auction Procedures. If any higher and/or better offer(s) are received in compliance with the Bidding and Auction Procedures, the Debtor will request authority to consummate the Asset Sale with the

offeror(s) who submit(s) such offer(s). This process will maximize the potential return to the Debtor's estate, whether the ultimate purchaser is the Purchaser or some other bidder(s).

10. In an effort to ensure the Debtor obtains the maximum value for the Asset Sale, the Debtor is asking the Court to approve the Asset Sale and the Agreement– subject to higher and/or better offers. The Debtor is requesting by this Motion that the Court approve the Bidding and Auction Procedures, including the following:

(a) Approval of an expense reimbursement to be paid to the Purchaser in the event that it is not the successful bidder for the Asset Sale in the amount of $150,000.00 (the "Expense Reimbursement");

(b) Approval of an overbid amount in the amount of $200,000.00 and incremental bid amounts of $50,000.00;

(c) Setting an auction sale of the Debtor's assets for a date no later than January 29, 2010 at 9:00 a.m. (the "Auction Sale"); and

(d) Setting a hearing on the Asset Sale for a date no later than January 29, 2010 at 3:00 p.m. (the "Sale Hearing").

11. If additional qualifying offers are received pursuant to those Bidding and Auction Procedures, the Debtor reserves the right to conduct an auction, which auction would be held at the time and on the date set by the Court. As set forth below, the Debtor reserves the right to impose additional requirements and regulations in the event an auction is held. The Debtor (subject to this Court's approval) will accept only "Qualifying Offers" at any auction sale. A Qualifying Offer is one that satisfies all of the following requirements:

(a) All bids for the Asset Sale shall be in the form of a signed asset purchase agreement substantially in the form submitted by the Purchaser (the "Bid") to counsel for the Debtor, Shulman, Rogers, Gandal, Pordy & Ecker, P.A., 12505 Park Potomac Avenue, Sixth Floor, Potomac, Maryland 20854, Attn: Michael J. Lichtenstein, Fax No. (301) 230-2891 on the date three (3) business days before the Auction Sale (the "Bid Date"); and

(b) Any Bid(s) shall be irrevocable until the conclusion of the Auction, if any, and shall:

(i) contain a description of the bidder(s)' business;

(ii) include such prospective bidder(s)' financial statements for the preceding two years or other evidence of financial ability sufficient to consummate a sale;

(iii) such Bid (a) at a minimum, provides for aggregate consideration of at least $200,000.00 over and above the Purchase Price, plus the amount of any expense reimbursement to Purchaser approved by this Court, (b) provide for the payment in cash at the Closing of any outstanding amounts owed under any DIP loans approved by this Court, (c) is not conditioned on the outcome of due diligence by the bidder(s) with respect to the Debtor's assets that is not completed by the time of the Auction, (d) is not conditioned on the bidder(s)' ability to obtain financing, and (e) provides the same or better terms as contained in the Purchaser's offer;

(iv) be accompanied by a good faith deposit of $350,000 (the "earnest Money Deposit") in cash or certified or cashier's check payable to the Debtor, which deposit shall be subject to the jurisdiction of the Bankruptcy Court, shall (if cash) be maintained by the Debtor in a segregated interest bearing account, and shall (a) be retained by the Debtor in the event the bidder(s) submit(s) the Accepted Offer(s) as defined below, which is approved by the Bankruptcy Court, but fails to consummate sale, or (b) be returned to such bidder(s) in the event

the Bid(s) is not the Accepted Offer(s), or is not approved by the Bankruptcy Court.

12. The following terms and conditions shall (subject to Court approval) govern the conduct of the Auction Sale:

(a) Upon receipt of any Bid(s) that satisfy(ies), in the sole opinion of the Debtor, the required terms and conditions set forth in the preceding paragraphs, the Debtor may communicate with such bidder(s) before the Auction, and such alternative bidder(s) shall provide to the Debtor on the next business day, after the Debtor requests therefor, any information reasonably required by the Debtor in connection with the Debtor's evaluation of such Qualifying Offer(s);

(b) Prior to the Auction, if any, the Debtor will evaluate any Qualifying Offer(s) it has received with respect to Asset Sale and will select the highest and/or best offer(s) for the Asset Sale from among such offers (the "Opening Offer(s)"). In considering any Qualifying Offer(s), the Debtor shall consider the value thereof to the Debtor's estate. If multiple bids in the same amount for the Asset Sale are received, the Debtor shall designate the order of bidding at the Auction;

(c) Only those prospective bidders who have satisfied the conditions described above may participate in the Auction, if any. If an auction is held, all bidders shall appear at such Auction in person, or through a duly authorized representative. Before the commencement of the Auction, if any, each bidder or its representative shall be required to provide the Debtor with proof satisfactory to the Debtor and the Debtor's counsel that such bidder or representative is legally empowered, by power of attorney or otherwise, and financially capable to (a) bid on behalf of the prospective bidder(s), and (b) complete and sign, on behalf of

the bidder(s), a binding and enforceable purchase agreement to acquire the Debtor's assets, and to perform its obligations with respect thereto;

(d) All bidders shall be deemed to have submitted to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters related to the Auction;

(e) All Bids shall be "firm offers" and shall not contain any contingencies as to the validity, effectiveness and/or binding nature of the bid, including, without limitation, contingencies for financing, due diligence or inspection;

(f) If multiple bids satisfying all Auction requirements are received, each party shall have the right to continue to improve its bid at the Auction;

(g) Within one business day following Bankruptcy Court approval of the Asset Sale, the entity that makes the highest and best bid for the Debtor's assets, in the sole opinion of the Debtor (the "Accepted Offer"), shall complete and sign all agreement(s), contract(s), instrument(s) or other document(s) evidencing and containing the terms and conditions upon which such Accepted Offer was made;

(h) Subject to Bankruptcy Court approval following the Auction, the entity that makes the Accepted Offer shall be sold the Debtor's assets, pursuant to the proposed Order attached to the Sale Motion and an executed asset purchase agreement substantially in the form of the Purchaser's asset purchase agreement; and

(i) Notwithstanding anything contained herein to the contrary, if for any reason the entity that makes the Accepted Offer fails to consummate the purchase of the Debtor's assets on the date determined by the Debtor and such bidder, the bidder with the next highest and best bid will automatically be deemed to have submitted the Accepted Offer, to the extent the Debtor consents, the Debtor and such bidder are authorized to effect the transaction

contemplated herein as soon as is commercially reasonable. In such event, the Debtor will submit a proposed order to the Bankruptcy Court. If there are no objections to the sale within five (5) days of such service by the Debtor, the Bankruptcy Court will enter an order approving the next highest and best bidder without further notice or hearing. In such event, the Debtor specifically reserves the right to seek all available damages from the defaulting bidder(s), including, without limitation, retention of the Earnest Money Deposit(s).

13.     Any objections to entry of an order approving the Asset Sale must be in writing and be filed with the United States Bankruptcy Court for the District of Maryland (and served upon counsel for the Debtor, no later than 4:00 p.m. Eastern Time on the date that is two (2) business days before the Auction Sale. The Debtor further requests, pursuant to Fed. R. Bankr. P. 9014, that the Court order that the failure of any competing bidder and/or objecting person or entity to timely file and serve an objection in accordance with the requirements of the Procedures Order will be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the consummation and performance of the Agreement, including the transactions contemplated thereby, if authorized by the Court.

14.     The Bidding Procedures set forth herein are fair and reasonable and in the best interest of the Debtor's estate and creditors.

15.     Granting this Motion is consistent with the policies of the Bankruptcy Code and is authorized by §§ 105 and 365.

**Argument**

16. Section 363(b) of the Bankruptcy Code provides that a debtor "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." *See In re Ames Dept. Stores, Inc.*, 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992) (noting that "going-out-of-business" sales are governed by § 363(b)). To obtain court approval to use property under § 363(b) of the Bankruptcy Code for the purpose of a sale, the Debtor need only show a legitimate business justification for the proposed action. *See, e.g., Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 993 F.2d 513, 515 (7th Cir. 1991)); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (7th Cir. 1983) (same).

17. The Debtor believes that it must conduct the Asset Sale which is in the best interests of creditors and provides the most efficient mechanism to maximize their value in light of the current market conditions.

**Notice**

18. Notice of the Motion has been given to (i) the United States Trustee, (ii) counsel to The CIT Group/Commercial Services, Inc., (iii) counsel to JMX Capital Partners, LLC (iv) the 20 largest unsecured creditors, (v) the office of the United States Trustee (vi) required government agencies, (vii) the equity security holder and (viii) all parties requesting notice. In light of the nature of the relief requested herein, the Debtor submits that no further notice need be given. Accordingly, the Debtor requests that the Court waive and dispense with the requirement of any further notice.

19. No previous application for the relief requested herein has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order establishing bidding procedures substantially similar to those set forth in the attached proposed order, and granting such other and further relief as is just and proper.

Respectfully submitted,

**SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A.**

By:   /s/ Michael J. Lichtenstein
Michael J. Lichtenstein (Bar No. 05604)
John D. Sadler (Bar No. 16421)
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
TEL:  (301) 230-5231
         (301) 230-5259
FAX:  (301) 230-2891
Attorneys for Debtor

Dated: January 4, 2010

g:\75\clients\classic sleep products-117139.02\pleadings\motion re bid procedures and sale of assets 12-29-09.doc