SECTION 5.  REPRESENTATIONS AND WARRANTIES OF SELLER.

Seller hereby represents and warrants to Buyer as of the Effective Date and as of Closing as follows:

(a) <u>Organization, Qualification & Authorization</u>.  Seller is a corporation duly organized, validly existing and in good standing under the laws of the State of Delaware.  The execution and delivery by Seller of this Agreement to Buyer and the sale contemplated hereby has been duly and validly authorized by any and all necessary action on the part of Seller.  Subject to Bankruptcy Court approval, this Agreement has been duly and validly executed by Seller, and this Agreement constitutes, and will as of the Closing constitute, legal, valid and binding obligations of Seller, enforceable against Seller in accordance with their terms, upon the entry of the Sale Approval Order.

(b) <u>Title</u>.  Seller has, and at the Closing Buyer shall obtain, good and marketable title to the Acquired Assets, free and clear of all Encumbrances and Liabilities of any kind or nature whatsoever, except for the Permitted Encumbrances.  Seller has not licensed or otherwise granted any person or entity any right or interest in, or right to use, any of the Acquired Assets.  Seller has given or will give due notice as required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and any applicable local bankruptcy rules, of all motions seeking approval of, or otherwise relating to, the Sale Approval Order, any assumption and assignment of contracts or leases, or any other matter relating to this Agreement or the transactions contemplated by this Agreement.

(c) <u>Broker</u>.  No broker has been engaged by Seller in connection with the transactions contemplated by this Agreement and no brokerage fees will be payable by Seller to any party as the result of the consummation of such transactions.

(d) <u>Legal Compliance</u>.  To Seller's Knowledge, Seller is in compliance with all applicable laws (including rules, regulations, codes, injunctions, judgments, orders, decrees, rulings and charges thereunder) of federal, state, local and foreign governments (and all agencies thereof), except where such non-compliance would not, individually or in the aggregate, have a material adverse effect on any of the Acquired Assets or Seller's ability to consummate the Closing.

(e) <u>Disclaimer of Other Representations and Warranties</u>.  SELLER MAKES NO REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, AT LAW OR IN EQUITY, IN RESPECT OF ANY OF ITS ASSETS (INCLUDING, WITHOUT LIMITATION, THE ACQUIRED ASSETS), LIABILITIES OR OPERATIONS, INCLUDING, WITHOUT LIMITATION, WITH RESPECT TO MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE, ADEQUACY OR SUFFICIENCY OF THE ACQUIRED ASSETS TO UNDERTAKE THE BUSINESS, AND ANY SUCH OTHER REPRESENTATIONS OR WARRANTIES ARE HEREBY EXPRESSLY DISCLAIMED.  BUYER HEREBY ACKNOWLEDGES AND AGREES THAT BUYER IS PURCHASING THE ACQUIRED ASSETS ON AN "AS-IS, WHERE-IS" BASIS.  NO REPRESENTATION OR WARRANTY OF SELLER SHALL BE IMPLIED AT LAW OR IN EQUITY.

SECTION 6.   REPRESENTATIONS AND WARRANTIES OF BUYER.

Buyer hereby represents and warrants to Seller as of the Effective Date and as of Closing as follows:

(a)   Organization, Qualification, Authorization.   Buyer is a limited liability company duly organized, validly existing and in good standing under the laws of the State of Delaware and has the power and authority and all necessary governmental approvals to own, lease and operate its properties and to carry on its business as it is now being conducted.  The execution and delivery of this Agreement by Buyer and performance by Buyer of the transactions contemplated hereby have been duly authorized by all necessary organizational action on the part of Buyer.  Buyer has taken all action required by the laws of the State of Delaware or any other applicable law to authorize the transactions contemplated herein.

(b)   Litigation.   There are no pending or, to the knowledge of Buyer, threatened actions or proceedings before any court or administrative agency or other authority which might or will materially or adversely affect Buyer's ability or right to perform all of Buyer's obligations hereunder.

(c)   No Approvals; Conflict.   This Agreement constitutes the legal, valid and binding agreement of Buyer, enforceable in accordance with its terms.  The consummation of the transactions contemplated hereby will not conflict with or result in a breach of any provision of, or constitute a default under, any material contract, agreement, instrument, regulation, law or order of any court, administrative agency or federal, state or local authority to which Buyer is a party, by which it is bound, or to which it may be subject for which Buyer has not obtained a waiver or the consent of the affected party.  The execution, delivery and performance of this Agreement by Buyer will not (i) conflict with or result in a breach or violation of any term or provision of Buyer's organizational documents, nor shall its execution, delivery or performance conflict with or result in a breach of any of the terms, conditions or any provision of, or constitute a default (or give rise to any right of termination, cancellation, acceleration, vesting, payment exercise, suspension or revocation) under, any indenture, mortgage, contract, agreement or other instrument to which Buyer is a party, or by which it or its properties are or may be bound or affected, (ii) violate any order, writ, injunction, decree, statute, rule or regulation applicable to Buyer or Buyer's properties or assets, except for violations, breaches, defaults, terminations, cancellations, accelerations, creations, impositions, suspensions or revocations that would not individually or in the aggregate have a material adverse effect on Buyer's ability to complete the transactions contemplated by this Agreement, or (iii) constitute an event that would permit any party to terminate any agreement or accelerate the maturity of any indebtedness or other obligation of Buyer.

(d)   Broker.   No broker has been engaged by Buyer in connection with the transactions contemplated by this Agreement and no brokerage fees will be payable by Buyer to any party as the result of the consummation of such transactions.

SECTION 7. EMPLOYEES.

Buyer shall offer employment, effective as of the Closing, to all of Seller's employees

who are employed by Seller immediately prior to the Closing Date at the same salary or hourly wage currently paid to such employees, subject to the Buyer's right to terminate any Transferred Employee, in accordance with applicable Law, at any time with or without cause. Except as otherwise required by applicable Law, Buyer shall employ the Transferred Employees in accordance with, and subject to, Buyer's usual terms, conditions and policies of employment applicable generally from time to time to its employees, including all of Buyer's policies regarding modification of the terms and conditions of employment. Except as expressly provided to the contrary herein, Buyer shall be responsible for any and all liabilities, obligations and claims of any kind arising out the employment (or termination of employment, actual or constructive) of the Transferred Employees arising on or after the Closing Date, including, without limitation, any severance, termination pay, payout of accrued unused vacation, or similar obligations with respect to any employees terminated by Buyer on or after the Closing Date.

SECTION 8. COVENANTS.

(a) Notice of Sale. Seller will mail notice of the sale contemplated hereunder, which notice will comply and be served in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, any applicable local bankruptcy rules and any applicable order of the Bankruptcy Court, to all persons and entities who or which (i) are listed as secured or unsecured creditors in the schedules filed by Seller in the Chapter 11 Case, in Seller's books and records or in Seller's most recent United States tax returns; (ii) have filed a proof of claim in the Chapter 11 Case, whether or not claiming a security interest; (iii) are listed as secured parties, arguably claiming ownership of, a lien against or a security interest in, any of the Acquired Assets; (iv) are parties to, or beneficiaries of, any of the Assumed Agreements; (v) have filed, in the Chapter 11 Case, an appearance or request for notice; (vi) relevant tax authorities having jurisdiction over the Acquired Assets or the Business; or (vii) are designated by Buyer, by name and address, in a notice(s) to Seller.

(b) Bankruptcy Court Approvals.

(i) As promptly as possible after the Effective Date, but in any event no later than two (2) business days after the Effective Date, Seller shall file and serve a motion pursuant to Bankruptcy Code Sections 105 and 363, as applicable, in form and substance satisfactory to Buyer (the "**Motion**") and shall use all reasonable efforts and act in good faith to obtain:

(1) seeking entry of the sale approval order in form and substance satisfactory to Buyer (the "**Sale Approval Order**"), which, among other things, authorizes Seller pursuant to (without limitation) Sections 363(b) and 363(f) of the Bankruptcy Code to enter into and perform this Agreement and contains findings of fact and conclusions of law including (without limitation) those to the following effect: (a) that the Bankruptcy Court has core jurisdiction to enter the Sale Approval Order; (b) that due and proper notice of the motion for entry of the Sale Approval Order was given to all parties entitled thereto; (c) that the transactions contemplated by this Agreement are supported by Seller's sound business judgment; (d) that the transactions contemplated by this Agreement are in the best interests of Seller and its bankruptcy estate; (e) that the consideration to be received by Seller under this Agreement is fair and reasonable; (f) that predicates exist under one or more applicable subsections of §363(f) of the Bankruptcy Code to authorize a sale to Buyer of the Acquired Assets free and clear of interests

9

of all parties in the Acquired Assets other than the Permitted Encumbrances; (g) that the Assumed Agreements are executory contracts and unexpired leases; (h) liquidating each default to be cured as a pre-requisite to assumption; (i) that the Acquired Assets are sold free and clear of all Encumbrances of any kind or nature whatsoever, except for the Permitted Encumbrances; (j) that no third party Consents are needed for closing other than those listed on Schedule [ ]; (k) that Seller is relieved of any future performance obligation under Assigned Contracts pursuant to § 365(k) of the Bankruptcy Code; (l) that Buyer is a good-faith purchaser entitled to the protections of §363(m); (m) authorizing the assumption and assignment of the Assigned Contracts; (n) directing that each default be cured prior to the Closing by payment by Buyer of a liquidated sum, tender of which shall constitute a complete satisfaction of all claims arising from defaults (both monetary and non-monetary); (o) authorizing the parties to close; (p) over-ruling all objections to entry of the order; (q) reserving jurisdiction to construe and enforce the Sale Approval Order; (r) providing that Buyer is not a successor in interest to Seller or the business of Seller; (s) providing that Buyer shall not be liable for any pre- or post-petition debts of Seller, except to the extent that Buyer specifically and expressly assumes any such liability in this Agreement; (t) containing such other findings and provisions as may be reasonably requested by Buyer. In the event the Bankruptcy Court orders the Seller's assets sold at auction, the Buyer reserves the right to seek a break up fee and to approve any bid procedures motion and order submitted by the Seller.

(c)  Books and Records.  After the Closing, Buyer shall allow Seller and any of its then current directors, officers, employees, counsel, representatives, accountants and auditors (collectively, the "**Seller's Representatives**") reasonable access to all business records and files of Seller that are transferred to Buyer in connection herewith, which are reasonably required by such Seller's Representatives in order to complete the Chapter 11 Case or for tax or other valid business purposes, during regular business hours and upon reasonable notice to Buyer. Seller's Representatives shall have the right to make copies of any such records and files.

(d)  Additional Matters.  Subject to the terms and conditions herein, except as provided by the Bankruptcy Code, the Bankruptcy Rules or any other orders entered or approvals or authorizations granted by the Bankruptcy Court in the Chapter 11 Case, each of the Parties agrees to use commercially reasonable efforts to take, or cause to be taken, all action and to do, or cause to be done, all things necessary, proper or advisable, including under applicable laws and regulations, to consummate and make effective the transactions contemplated by this Agreement, including using commercially reasonable efforts to obtain all necessary waivers, consents and approvals required under this Agreement. At all times prior to the completion of the Closing, each of the Parties agrees to use commercially reasonable efforts to notify the other promptly of any event or condition which would cause any of the representations or warranties of the Party required to give such notice to not be true as though such representations and warranties were made as of each day after the Effective Date. Buyer and Seller hereby irrevocably consent to the personal and subject-matter jurisdiction of the Bankruptcy Court for all purposes necessary to effectuate this Section 8(d). Seller will seek to include in any plan of reorganization in the Chapter 11 Case supported by it (if any) a provision for retained jurisdiction of the Bankruptcy Court to effectuate this Section 8(d), and will use commercially reasonable efforts to oppose any such plan of reorganization which fails to include such a provision.

(e) <u>Preservation of Acquired Assets</u>. Seller will use its commercially reasonable efforts to safeguard, preserve and maintain the integrity and operation of the Acquired Assets pending Closing. Seller shall not voluntarily make or voluntarily allow any material adverse changes to the Acquired Assets.

(f) <u>Software Programs</u>. To the extent that any computer software programs used or held for use in the Business are not assignable pursuant to the terms of any applicable license, Seller shall, upon Buyer's request, use reasonable efforts to provide the benefits of such software programs to

(g) <u>Conduct of Business</u>. Prior to the Closing, Seller shall continue to conduct the Business in the ordinary course, and shall pay its operating costs, debts and other expenses only as permitted by the Bankruptcy Code and/or orders of the Bankruptcy Court.

SECTION 9. <u>CONDITIONS TO BUYER'S OBLIGATION.</u>

The obligation of Buyer to consummate the transactions and to take the other actions required to be performed by it in connection with the Closing is subject to the satisfaction of all of the following conditions (all or any of which may be waived, in whole or in part, by Buyer in its sole discretion):

(a) The Sale Approval Order shall be in form and substance reasonably satisfactory to Buyer, shall have been entered by the Bankruptcy Court, shall not be subject to stay, modification, or appeal and shall have become final orders;

(b) Seller shall have executed and delivered the Bill of Sale, Assignment and Assumption Agreement(s) (if any), as well as any other instruments of transfer necessary to transfer the Marks and the other Intellectual Property;

(c) There shall be no injunction or order of any court or governmental authority of competent jurisdiction prohibiting the transactions contemplated by this Agreement; and

(d) There shall have not been any damage, destruction or loss of property, whether covered by insurance or not, which alone or in the aggregate materially adversely affects the assets or properties of the Seller or the Business.

SECTION 10. <u>CONDITIONS TO SELLER'S OBLIGATIONS.</u>

The obligation of Seller to consummate the transactions and to take the other actions required to be performed by it in connection with the Closing is subject to satisfaction of all of the following conditions (all or any of which may be waived, in whole or in part, by Seller in its sole discretion):

(a) The Sale Approval Order shall have been entered by the Bankruptcy Court, shall be no longer subject to stay, modification, or appeal and shall have become a final order;