

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Baltimore Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CLASSIC SLEEP PRODUCTS, INC. ) | Case No. 10-10077-NVA |
| ) | Chapter 11 |
| **Debtor** ) | |

### ORDER ESTABLISHING BIDDING PROCEDURES
### IN CONNECTION WITH THE SALE OF SUBSTANTIALLY
### ALL OF THE DEBTOR'S ASSETS

This matter having come before the Court on Classic Sleep Products, Inc.'s (the "Debtor") Motion for Entry of an Order Establishing Bidding Procedures (the "Motion") in connection with the Sale of Substantially all of Debtor's Assets, and after notice and hearings conducted on January 8 and January 13, 2010, including a proffer of evidence in support of the Motion, and upon the United States Trustee's withdrawal of its opposition to the relief sought such that the Motion is unopposed, it is by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Motion be, and it hereby is, GRANTED; and it is further

**ORDERED**, that the bid procedures set forth herein be, and the same hereby are APPROVED; and it is further

**ORDERED**, that in the event that Classic Brands, LLC ("Purchaser") is not the successful bidder at an auction of substantially all of the Debtor's assets (the "Sale"), the Purchaser shall be entitled to an expense reimbursement in the amount of $150,000.00 to be paid solely from the proceeds of the Sale at closing; and it is further

**ORDERED**, that this Court or some other appropriate person shall conduct an auction at the United States Bankruptcy Court located at 101 Lombard Street, Courtroom 2A, Baltimore, Maryland commencing at 9:00 a.m. on January 29, 2010 (the "Auction Sale"), unless rescheduled by the Court based upon a written recommendation by an examiner appointed by the Court, which recommendation shall be filed on or before January 27, 2010, and the Court shall conduct a hearing on approval of the Sale immediately after the auction, if any, or commencing at 11:00a.m, unless rescheduled by the Court based upon a recommendation by an examiner appointed by the Court, in the absence of any other qualified bids; and it is further

**ORDERED**, that any objections to entry of an Order approving the Sale must be in writing and be filed with the United States Bankruptcy Court for the District of Maryland (and served upon counsel for the Debtor, no later than 4:00 p.m. Eastern Time on the date that is two (2) business days before the Auction Sale and that any person objecting to the Sale after the auction may present such objection at the hearing scheduled for January 29, 2010 at 11:00 a.m.

## **BID PROCEDURES**

A.  Bid Procedures:

   a. All bids for the Asset Sale shall be in the form of the asset purchase agreement submitted by the Purchaser (the "Bid") to counsel for the Debtor, Shulman, Rogers, Gandal, Pordy & Ecker, P.A., 12505 Park Potomac Avenue, Sixth Floor, Potomac, Maryland 20854, Attn: Michael J. Lichtenstein, Fax No. (301) 230-2891 on the date three (3) business days before the Auction Sale (the "Bid Date"); and

    b. Any Bid(s) shall be irrevocable until the conclusion of the Auction, if any, and shall:

        i. contain a description of the bidder(s)' business;

        ii. include such prospective bidder(s)' financial statements for the preceding two years or other evidence of financial ability;

        iii. such Bid (a) at a minimum, provides for aggregate consideration of at least $200,000.00 over and above the Purchase Price, plus the amount of any expense reimbursement to Purchaser approved by this Court (b) provide for the payment in cash at the Closing of any outstanding amounts owed under any DIP loans approved by this Court, (c) is not conditioned on the outcome of due diligence by the bidder(s) with respect to the Debtor's assets that is not completed by the time of the Auction, (d) is not conditioned on the bidder(s)' ability to obtaining financing, and (e) provides the same or better terms as contained in the Purchaser's offer;

        iv. be accompanied by a good faith deposit of $350,000 (the "earnest Money Deposit") in cash or certified or cashier's check payable to the Debtor, which deposit shall be subject to the jurisdiction of the Bankruptcy Court, shall (if cash) be maintained by the Debtor in a segregated interest bearing account, and shall (a) be retained by the Debtor in the event the bidder(s) submit(s) the Accepted Offer(s) as defined below, which is approved by the Bankruptcy Court, but fails to consummate sale, or (b) be returned to such bidder(s) in the event the Bid(s) is not the Accepted Offer(s), or is not approved by the Bankruptcy Court.

B.     The following terms and conditions shall (subject to Court approval) govern the conduct of the Auction Sale:

    a. Upon receipt of any Bid(s) that satisfy(ies), in the opinion of the Debtor and the Official Committee of Unsecured Creditors, the required terms and conditions set forth in the preceding paragraphs, the Debtor may communicate with such bidder(s) before the Auction, and such alternative bidder(s) shall provide to the Debtor on the next business day, after the Debtor requests therefor, any information reasonably required by the Debtor in connection with the Debtor's evaluation of such Qualifying Offer(s) (such information to be shared with the Official Committee of Unsecured Creditors);

    b. Prior to the Auction, if any, the Court or some other appropriate person will evaluate any Qualifying offer(s) received with respect to Asset Sale and will select the highest and/or best offer(s) for the Asset Sale from among such

offers (the "Opening Offer(s)"). In considering any Qualifying Offer(s), the Court or some other appropriate person shall consider the value thereof to the Debtor's estate. If multiple bids in the same amount for the Asset Sale are received, the Court or some other appropriate person shall designate the order of bidding at the Auction;

c. Only those prospective bidders who have satisfied the conditions described above may participate in the Auction, if any. If an auction is held, all bidders shall appear at such Auction in person, or through a duly authorized representative. Before the commencement of the Auction, if any, each bidder or its representative shall be required to provide the Court or some other appropriate person conducting the auction with proof satisfactory to the Court that such bidder or representative is legally empowered, by power of attorney or otherwise, and financially capable to (a) bid on behalf of the prospective bidder(s), and (b) complete and sign, on behalf of the bidder(s), a binding and enforceable purchase agreement to acquire the Debtor's assets, and to perform its obligations with respect thereto;

d. All bidders shall be deemed to have submitted to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters related to the Auction;

e. At the auction, all further overbids shall be in increments of no less than $50,000.00

f. All Bids shall be "firm offers" and shall not contain any contingencies as to the validity, effectiveness and/or binding nature of the bid, including, without limitation, contingencies for financing, due diligence or inspection;

g. If multiple bids satisfying all Auction requirements are received, each party shall have the right to continue to improve its bid at the Auction;

h. Within one business day following Bankruptcy Court approval of the Asset Sale, the entity that makes the highest and best bid for the Debtor's assets, in the sole opinion of the Court (the "Accepted Offer"), shall complete and sign all agreement(s), contract(s), instrument(s) or other document(s) evidencing and containing the terms and conditions upon which such Accepted Offer was made;

i. Subject to Bankruptcy Court approval following the Auction, the entity that makes the Accepted Offer shall be sold the Debtor's assets, pursuant to the proposed order attached to the Sale Motion and an executed asset purchase agreement; and

4

Notwithstanding anything contained herein to the contrary, if for any reason the entity that makes the Accepted Offer fails to consummate the purchase of the Debtor's assets on the date determined by the Debtor and such bidder, the bidder with the next highest and best bid will automatically be deemed to have submitted the Accepted Offer and, to the extent the Debtor and the Official Committee of Unsecured Creditors consent, the Debtor and such bidder are authorized to effect the transaction contemplated herein as soon as is commercially reasonable. In such event, the Debtor will submit a proposed order to the Bankruptcy Court. If there are no objections to the sale within five (5) days of such service by the Debtor, the Bankruptcy Court will enter an order approving the next highest and best bidder without further notice or hearing. In such event, the Debtor specifically reserves the right to seek all available damages from the defaulting bidder(s), including, without limitation, retention of the Earnest Money Deposit(s).

**Copies to:**

Michael J. Lichtenstein, Esq.
John D. Sadler, Esq.
Shulman Rogers Gandal
  Pordy & Ecker, P.A.
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854

Office of the U.S. Attorney
District of Maryland
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201

Marc E. Shach, Esq.
Weinstock, Friedman & Friedman, P.A.
Executive Centre
4 Reservoir Circle
Baltimore, MD 21208-7301

Michael J. Cordone, Esq.
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098

Dimitry S. Herman, Esq.
Herman Law LLC
1050 Winter Street, Suite 1000
Waltham, MA 02451

**END OF ORDER**