

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Baltimore Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CLASSIC SLEEP PRODUCTS, INC. ) | Case No. 10-10077 NVA |
| ) | Chapter 11 |
| Debtor ) | |

**AMENDED ORDER APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS**

Upon the motion (the "Sale Motion") of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtor to, *inter alia,* (i) enter into that certain asset purchase agreement between **Classic Brands, LLC** (the "Purchaser"), and the Debtor (the "Agreement", attached as Exhibit A to the Sale Motion); and (ii) sell substantially all of its assets free and clear of all Liens,[1] Claims, Encumbrances and Interests (defined herein) pursuant to the terms of the Agreement; and this Court having entered an order dated January 13, 2010 (the "Bid Procedures Order") approving the Bid Procedures; and

---

[1] Capitalized terms used, but not otherwise defined, herein shall have those meanings ascribed to them in the Sale Motion, the Agreement and the Bid Procedures Order.

the Court having established the date of the Sale Hearing; and Court having jurisdiction to consider the Sale Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(b)(2) and 1334; and consideration of the Sale Motion, the relief requested therein, and the responses thereto being a core proceeding in accordance with 28 U.S.C. § 157(b); and the appearance of all interested parties; and upon the record of the Sale Hearing, and all other pleadings and proceedings in this case, including the Sale Motion; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors and all other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:**[2]

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. The Court has jurisdiction over this matter and over the property of the Debtor's estate, including the Acquired Assets to be sold, transferred or conveyed pursuant to the Agreement pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this chapter 11 case and the Sale Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] All findings of fact and conclusions of law announced by the Bankruptcy Court at the Sale Hearing in relation to the Sale Motion are hereby incorporated to the extent not inconsistent herewith.

D. The Acquired Assets constitute property of the Debtor's estate and title thereto is vested in the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code.

E. The statutory predicates for the relief sought in the Sale Motion and the basis for the approvals and authorizations herein are (i) sections 105 and 363 of the Bankruptcy Code, and (ii) Bankruptcy Rules 2002 and 6004.

F. On January 5, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has continued in possession and management of its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

G. Proper, timely, adequate, and sufficient notice of the Sale Motion, the Auction, and the Sale Hearing have been provided in accordance with section 363(b) of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004. Such notice was good and sufficient and appropriate under the particular circumstances.

H. A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities.

I. The conditions of section 363(m) of the Bankruptcy Code have been satisfied.

J. The Debtor has demonstrated a sufficient basis and compelling circumstances requiring it to enter into the Agreement, sell the Acquired Assets, and such actions are an appropriate exercise of the Debtor's business judgment and in the best interests of the Debtor, its estate and its creditors.

K. The offer of the Purchaser, upon the terms and conditions set forth in the Agreement, including the form and total consideration to be realized by the Debtor pursuant to the Agreement, (i) is the highest and best offer received by the Debtor; (ii) is fair and reasonable; (iii) is in the best interests of the Debtor's creditors and estate; (iv) constitutes full and adequate consideration and reasonably equivalent value for the Acquired Assets; and (v) will provide a greater recovery for the Debtor's creditors and other interested parties than would be provided by any other practically available alternative.

L. The Purchaser is the Successful Bidder for the Acquired Assets in accordance with the Bid Procedures Order.

M. The Purchaser is a buyer in good faith, as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the protections of sections 363(m) and (n) of the Bankruptcy Code with respect to all of the Acquired Assets. The Agreement was entered into in good faith and without fraud of any kind. Neither the Debtor nor the Purchaser has engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of or implicate section 363(n) of the Bankruptcy Code to the Agreement or to the consummation of the sale transaction and transfer of the Acquired Assets to the Purchaser. The Purchaser is entitled to all the protections and immunities of section 363(m) of the Bankruptcy Code.

N. The Debtor has full corporate power and authority to execute the Agreement and all other documents contemplated thereby, and the sale of the Acquired Assets has been duly and validly authorized by all necessary corporate authority by the Debtor to consummate the transactions contemplated by the Agreement. No consents or approvals, other

than as may be expressly provided for in the Agreement, are required by the Debtor to consummate such transactions.

O. The terms and conditions of the Agreement, including the consideration to be realized by the Debtor pursuant to the Agreement, are fair and reasonable, and the transactions contemplated by the Agreement are in the best interest of the Debtor's estate.

P. Except as otherwise provided in the Agreement, the Acquired Assets shall be sold free and clear of all restrictions, hypothecations, charges, loan agreements, instruments, leases, licenses, options, security interests, pledges, assignments, liens (including, without limitation, mechanics', materialmens' and other consensual and non-consensual liens and statutory liens), judgments, demands, encumbrances, contracts, recoupment and rights of recovery and any and all other claims and interests of all types (collectively, "<u>Liens, Claims, Encumbrances and Interests</u>") with such Liens, Claims, Encumbrances and Interests to attach to the consideration to be received by the Debtor in the same priority and subject to the same defenses and avoidability, if any, as before the Closing, and the Purchaser would not enter into the Agreement to purchase the Acquired Assets otherwise.

Q. The transfer of the Acquired Assets to the Purchaser is a legal, valid and effective transfer of the Acquired Assets, and, except as may otherwise be provided in the Agreement, shall vest the Purchaser with all right, title and interest of the Debtor to the Acquired Assets free and clear of any and all Liens, Claims, Encumbrances and Interests. Except as specifically provided in the Agreement or this Order, the Purchaser shall not assume or become liable for any Liens, Claims, Encumbrances and Interests relating to the Acquired Assets being sold by the Debtor.

R. The transfer of the Acquired Assets to the Purchaser free and clear of all Liens, Claims, Encumbrances and Interests will not result in any undue burden or prejudice to any holders of any Liens, Claims, Encumbrances and Interests. All persons having Liens, Claims, Encumbrances and Interests of any kind or nature whatsoever against or in any of the Debtor or the Acquired Assets shall be forever barred, estopped and permanently enjoined from pursuing or asserting such Liens, Claims, Encumbrances and Interests against the Purchaser, any of their assets, property, successors or assigns, or the Acquired Assets.

S. The Debtor may sell the Acquired Assets free and clear of all Liens, Claims, Encumbrances and Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f) of the Bankruptcy Code has been satisfied. Those holders of Liens, Claims, Encumbrances and Interests, who did not object to the sale of the Acquired Assets and the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Sale Motion is granted in its entirety, subject to the terms and conditions contained herein.

2. Notice of the Sale Hearing was fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

3. The sale of the Acquired Assets, the terms and conditions of the Agreement (including all schedules and exhibits affixed thereto), and the transactions contemplated thereby be, and hereby are, authorized and approved in all respects.

4.	The sale of the Acquired Assets and the consideration provided by the Purchaser under the Agreement is fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

5.	The Purchaser is hereby granted and is entitled to all of the protections provided to a good faith buyer under section 363(m) of the Bankruptcy Code.

6.	Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of this Bankruptcy Court or any other court, such reversal, modification or vacate shall not affect the validity and enforceability of any transfer under the Agreement or obligation or right granted pursuant to the terms of this Order (unless stayed pending appeal), and, notwithstanding any reversal, modification or vacate, shall be governed in all respected by the original provisions of this Order and the Agreement, as the case may be.

7.	The Debtor is hereby authorized to fully assume, perform under, consummate and implement the terms of the Agreement together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Agreement, this Order and sale of the Acquired Assets contemplated thereby.

8.	Effective as of the Closing, (a) the sale of the Acquired Assets by the Debtor to the Purchaser shall constitute a legal, valid and effective transfer of the Acquired Assets notwithstanding any requirement for approval or consent by any person and vests the Purchaser with all right, title and interest of the Debtor in and to the Acquired Assets, free and clear of all Liens, Claims, Encumbrances and Interests of any kind, pursuant to section 363(f) of

the Bankruptcy Code; and (b) The CIT Group/ Commercial Services, Inc. ("CIT") is hereby authorized to satisfy the CIT DIP Loans approved by this Court and the CIT Pre-Petition Term Loan from the proceeds of the new loans to be provided to Purchaser by CIT.  As such, no proceeds from the sale of the Acquired Assets shall be paid to the Debtor.

9. Except to the extent specifically provided in the Agreement, upon the Closing, the Debtor shall be, and hereby is, authorized, empowered, and directed, pursuant to sections 105, 363(b) and 363(f) of the Bankruptcy Code, to sell the Acquired Assets to the Purchaser.  The sale of the Acquired Assets vests the Purchaser with all right, title and interest of the Debtor to the Acquired Assets free and clear of any and all Liens, Claims, Encumbrances and Interests other liabilities and claims, whether secured or unsecured, choate or inchoate, filed or unified, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise.

10. On or before the Closing Date, the Debtor's creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release any Liens, Claims, Encumbrances and Interests of any kind against the Acquired Assets, as such Liens, Claims, Encumbrances and Interests may have been recorded or may otherwise exist.  If any person or entity that has filed financing statements or other documents or agreements evidencing any Liens, Claims, Encumbrances and Interests in or against the Acquired Assets shall not have delivered to the Debtor prior to the Closing after request therefor, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such Liens, Claims, Encumbrances and Interests that the person or

entity has with respect to the Acquired Assets, the Debtor is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such Acquired Assets prior to the Closing, and the Purchaser is authorized to file such documents after Closing.

11. All of the Debtor's interests in the Acquired Assets to be acquired by the Purchaser under the Agreement shall be, as of the Closing Date and upon the occurrence of the Closing, transferred to and vested in the Purchaser. Upon the occurrence of the Closing, this order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Acquired Assets acquired by the Purchaser under that Agreement and/or bill of sale or assignment transferring good and marketable, indefeasible title and interest in the Acquired Assets to the Purchaser.

12. The Purchaser has not assumed or is otherwise not obligated for any of the Debtor's liabilities other than the obligations set forth in the Agreement, and the Purchaser has not purchased any of the Excluded Assets.

13. The Purchaser is not a "successor" to the Debtor or its estate by reason of any theory of law or equity, and the Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of any of the Debtor and/or its estate.

14. Subject to the terms of the Agreement, the Agreement and any related agreements may be waived, modified, amended or supplemented by agreement of the Debtor and the Purchaser, without further action or order of the Bankruptcy Court; provided, however, that any such waiver, modification, amendment, or supplement is not material and substantially conforms to, and effectuates, the Agreement and any related agreements.

15. The failure specifically to include any particular provisions of the Agreement or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court, the Debtor and the Purchaser that the Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order prior to Closing.

16. To the extent any provisions of this Order conflict with the terms and conditions of the Agreement, this Order shall govern and control.

17. This Order and Agreement shall be binding upon and govern the acts of all persons and entities, including without limitation, the Debtor and the Purchaser, their respective successors and permitted assigns, including, without limitation, any Chapter 11 trustee hereinafter appointed for the Debtor's estate or any trustee appointed in a Chapter 7 case if this case is converted from Chapter 11, any examiner appointed with special powers, all creditors of any Debtor (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Acquired Assets.

18. The provisions of this Order are non-severable and mutually dependent.

19. Nothing in any order of this Bankruptcy Court or contained in any plan of reorganization or liquidation confirmed in the chapter 11 case shall conflict with or derogate from the provisions of the Agreement or the terms of this Order.

20. This Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order, the Bid Procedure Order and the Agreement in all respects and to decide any disputes concerning this Order and the Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Agreement and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, and the status, nature and extent of the Acquired Assets.

21. Notwithstanding either Federal Rule of Bankruptcy Procedure 6004(h) or Federal Rule of Bankruptcy Procedure 7062, this is a final order effective immediately and section 363(m) of the Bankruptcy Code shall apply to this Order.

**Copies to:**

Michael J. Lichtenstein, Esq.
John D. Sadler, Esq.
Shulman Rogers Gandal
   Pordy & Ecker, P.A.
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854

Marc E. Shach, Esq.
Weinstock, Friedman & Friedman, P.A.
Executive Centre
4 Reservoir Circle
Baltimore, MD 21208-7301

Mark J. Dorval, Esquire
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098

Dimitry Herman, Esquire
Herman Law, LLC
1050 Winter Street, Suite 1000
Waltham, MA 02451

**END OF ORDER**